NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000081
27-MAY-2015
10:13 AM**

NO. CAAP-14-0000081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
PIYON CHO, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 13-1-0220)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant State of Hawaiʻi (State) appeals from the "Findings of Fact; Conclusions of Law; and Order Denying Motion to Determine Voluntariness," entered on December 6, 2013, in the Circuit Court of the Third Circuit (circuit court).[1]

On March 7, 2013, Defendant-Appellee Piyon Cho (Cho) was charged with Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (2014).[2] Before trial, the State filed a "Motion to Determine Voluntariness of Statements to the Police by Defendant" (Motion to Determine

---

[1] The Honorable Glenn S. Hara presided.

[2] The State's complaint against Cho alleges that she "intentionally, knowingly and/or recklessly caused bodily injury to another person, JAMES FERREIRA SR."

HRS § 707-712(1)(a) provides in pertinent part:

§707-712(1)(a) **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

Voluntariness) seeking to establish the admissibility of allegedly incriminating statements made by Cho.

On appeal, the State's sole point of error is that the circuit court erred in denying its Motion to Determine Voluntariness because it misapplied the law. After a careful review of the issues raised and the arguments made by the parties, the record and applicable authority, we resolve the State's point of error as follows and affirm.

A hearing on the State's Motion to Determine Voluntariness was held on October 31, 2013, during which the only witness called was Officer Chuck Cobile (Officer Cobile). Officer Cobile testified that on July 25, 2012, he responded to a report of possible harassment, involving several male parties who allegedly pushed a female party, at a bar in Hilo, Hawai'i. When Officer Cobile arrived on the scene, he initially made contact with Cho, who at that point, he believed to be the victim. Because Officer Cobile did not consider Cho a suspect, he did not administer any Miranda[3] warnings before interviewing Cho about the incident. Cho made several statements, including that she "got into a dispute with her husband[]" and "had punched her husband."

After discovering that another party wanted to make a counter-complaint against Cho, Officer Cobile interviewed her again, but administered the "Hawaii Police Department Advice of Rights" (Advice of Rights) form beforehand this time. Cho indicated that she understood her rights by signing her initials. Officer Cobile testified that Cho explained she "was upset at the time and she was in the room and she was trying to get past the, uh, male parties and . . . he wouldn't let her pass." According to Officer Cobile, Cho "stated that she was swinging her arms, but they were keeping her from leaving the room." In addition, Officer Cobile testified that Cho said "[s]omething to the effect of you wanna fight wit' me then I'll fight wit' you."

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

In determining the voluntariness of Cho's statements to Officer Cobile, the circuit court evaluated the "totality of circumstances" in accordance with the due process analysis in State v. Bowe, 77 Hawai'i 51, 60, 881 P.2d 538, 547 (1994), including whether the statements were induced by coercion. The circuit court ruled that the State failed to adduce sufficient evidence from which the court could find voluntariness. The circuit court concluded that "[b]ased on the testimony of Officer Cobile, . . . no evidence was produced which indicated that the statements made by Defendant Cho (both before and after the advisement of her rights) were voluntarily made."

We review the circuit court's pretrial findings of fact under the clearly erroneous standard and its conclusions of law under the right/wrong standard. State v. Naititi, 104 Hawai'i 224, 232-33, 87 P.3d 893, 901-02 (2004).

Based on the State's failure to meet its burden on its own motion, we conclude that the circuit court did not err. HRS § 621-26 (1993) mandates that "[n]o confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made."[4] Important for purposes of this case, "[t]he burden is on the prosecution to show that the statement was voluntarily given and not the product of coercion." State v. Kelekolio, 74 Haw. 479, 502, 849 P.2d 58, 69 (1993) (emphasis added). "[T]he issue of voluntariness must be resolved by evaluating the 'totality of the circumstances' surrounding the making of the statement . . . ." Bowe, 77 Hawai'i at 60, 881 P.2d at 547.

Regarding Cho's initial statements to Officer Cobile, the State asserts on appeal that the circuit court misapplied the law by insisting "that even if Miranda warnings were not required, [the State] still needed to show that [Cho's] initial statement wasn't coerced[]" and that there is nothing in the

---

[4] None of the parties challenge the implicit conclusion that Cho's statements constitute a "confession," and thus we do not address the issue.

record demonstrating any coercion. Putting the Miranda issue aside, the Hawai'i Supreme Court has stated that "independent constitutional considerations arising under article I, sections 5 and 10 of the Hawai'i Constitution compel us to hold that the coercive conduct . . . may be sufficient to render a Defendant's confession involuntary." Bowe, 77 Hawai'i at 57, 881 P.2d at 544 (emphasis added). In this case, the State failed to meet its burden because it did not provide sufficient evidence as to the circumstances surrounding Cho's statements, so as to enable the circuit court to conclude, from the totality of the circumstances, that her statements were voluntarily made and that there was no coercion involved.

Turning to Cho's statements given during Officer Cobile's second round of questioning, after Miranda warnings were administered and Cho waived her rights, the State similarly argues that the circuit court erred because the lack of demonstrated coercion indicates that the statements were voluntary. However, the State has the affirmative burden to establish voluntariness, beyond showing that there was a proper Miranda warning and valid waiver of rights. See Bowe, 77 Hawai'i at 57-60, 881 P.2d at 544-47; State v. Kreps, 4 Haw. App. 72, 77, 661 P.2d 711, 715 (1983) ("In addition to the necessary waiver the court must also find that such a statement was voluntarily made."). Again, the State failed to provide any meaningful evidence regarding the circumstances of Cho's statements.

As noted, the only witness called by the State was Officer Cobile. At no time did the State ask Officer Cobile to describe the circumstances surrounding his questioning of Cho, and at no time did Officer Cobile attest to the voluntariness of Cho's statements. At most, Officer Cobile testified that upon arriving at the scene and first making contact with Cho, she "was outside along with some other people" and he could tell that English was not her native language because she had a strong accent. The State failed to admit Officer Cobile's official report of the incident into evidence, admitting only the Advice of Rights form signed by Cho.

4

On this record, under the Hawai'i Supreme Court's holding in <u>Bowe</u>, and in light of the State's failure to produce evidence showing voluntariness, the circuit court did not err in concluding that there was insufficiency of proof as to the issue of voluntariness.

Therefore, IT IS HEREBY ORDERED that the Findings of Fact; Conclusions of Law; and Order Denying Motion to Determine Voluntariness entered on December 6, 2013, in the Circuit Court of the Third Circuit, are affirmed.

DATED:  Honolulu, Hawai'i, May 27, 2015.

On the briefs:

Jefferson R. Malate
Deputy Prosecuting Attorney
Office of the Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellant

Gerard D. Lee Loy
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge